IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | No. 1:97-cr-108 |
| | : | |
| v. | : | |
| | : | |
| **RICHARD LYMAN PITT,** | : | |
| | : | |
| **Defendant.** | : | Judge Sylvia H. Rambo |

## M E M O R A N D U M

Before the Court is Defendant Richard Lyman Pitt's ("Pitt") motion for compassionate release pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i). (Doc. 519.) For the reasons set forth below, the court will deny the motion without prejudice.

### I. BACKGROUND

In 1997, Pitt was convicted by a jury for conspiracy to distribute and possess with intent to distribute cocaine; distribution and possession with intent to distribute cocaine; and conspiracy to commit money laundering. Pitt's mandatory guidelines range was life imprisonment due to, among other things, the quantity of cocaine involved in the offense, Pitt's prior criminal history, and Pitt's role in the offense. In 1998, the court imposed the mandatory guidelines sentence of life imprisonment. In 1999, the Third Circuit affirmed Pitt's conviction and sentence. *United States v. Pitt*, 193 F.3d 751, 754 (3d Cir. 1999).

1

On April 13, 2020, Pitt filed a *pro se* motion for compassionate release and to appoint counsel. (Doc. 517.) The same day, the court appointed the Office of the Federal Public Defender to represent Pitt. (Doc. 518.) On April 23, 2020, represented by counsel, Pitt filed a supplemental motion for compassionate release. (Doc. 519.) On April 28, 2020, the government filed a brief in opposition to the motion. (Doc. 524.) The matter is thus ripe for review.

## II.   STANDARD OF REVIEW

Under 18 U.S.C. § 3582(c)(1)(A), a defendant may move the sentencing court to reduce his or her term of imprisonment. To do so, the defendant must first request that the Bureau of Prisons ("BOP") file such a motion on his or her behalf, and may only move after he or she has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A).

If the defendant complies with this exhaustion requirement, the court may reduce his or her term of imprisonment, after considering the factors set forth in 18 U.S.C. § 3553(a), if the court finds that extraordinary and compelling reasons warrant such a reduction, and that the reduction is consistent with the applicable policy statements by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A)(i). Under the Sentencing Commission's relevant policy statement, the court must also

find that the defendant is not a danger to the safety of any person or the community as provided in 18 U.S.C. § 3142(g). USSG § 1B1.13.2 Medical conditions that qualify as "extraordinary and compelling reasons" include:

> (I) suffering from a serious physical or medical condition,
>
> (II) suffering from a serious functional or cognitive impairment, or
>
> (III) experiencing deteriorating physical or mental health because of the aging process

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

USSG § 1B1.13, cmt. n.1(A)(ii).

A defendant may also show "extraordinary and compelling reasons" if he is at least 65 years of age, is experiencing a serious deterioration in physical health because of the aging process, and has served at least 10 years or 75 percent of his term of imprisonment. USSG § 1B1.13, cmt. n.1(B). Other grounds may also qualify as extraordinary and compelling reasons. *See* USSG § 1B1.13, cmt. n.1(D).

### III. DISCUSSION

Pitt's motion argues that he is eligible for compassionate release due to extraordinary and compelling circumstances insofar as Pitt is 71 years of age, has served over 20 years of his sentence, and is experiencing health deterioration that has become serious in the wake of the COVID-19 pandemic. (Doc. 520, pp. 7-9.) Pitt's health problems include a history of heart issues, dizziness and hyperlipidemia,

3

memory loss, joint pain, and kidney stones. (*Id*. p. 8.) Pitt has also made productive use in his time incarcerated by working, teaching continuing education classes, donating his time to others, and completing dozens of vocational and other courses. (Doc. 520, pp. 10-11.)

Nevertheless, Pitt's motion is premature because he has not exhausted his remedies. Section 3582(c)(1)(A) makes clear that the court "may not" modify or reduce a sentence upon motion of a defendant until after he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." While Pitt did previously submit a request to the warden in December 2019 requesting that the BOP move for his compassionate release under 18 U.S.C. § 3582(c)(1)(A), that request was not based on the COVID-19 pandemic or any other medical reasons. (*See* Doc. 519-1 ("This request is not based on medical reasons[.]").) The December 2019 request therefore may not be considered for purposes of exhaustion because, as the Western District recently explained in addressing a similar motion: "One of the purposes for requiring prisoners to exhaust their administrative remedies before bringing a claim in federal court is to give the BOP an opportunity to address the issue. To properly exhaust administrative remedies, therefore, the administrative complaint must raise the same claims asserted in the federal court filing." *United*

*States v. Valenta*, 2020 WL 1689786, at *1 (W.D. Pa. Apr. 7, 2020) (citing *Gadra-Lord v. Doe*, 736 F. App'x 30, 32 (3d Cir. 2018)).

The court cannot overlook Pitt's failure to exhaust his remedies, as the Third Circuit recently emphasized the need for "strict adherence" to the exhaustion requirement in the wake of the COVID-19 pandemic:

> We do not mean to minimize the risks that COVID-19 poses in the federal prison system, particularly for inmates like Raia. But the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread. Given BOP's shared desire for a safe and healthy prison environment, we conclude that strict compliance with § 3582(c)(1)(A)'s exhaustion requirement takes on added—and critical—importance. And given the Attorney General's directive that BOP "prioritize the use of its various statutory authorities to grant home confinement for inmates seeking transfer in connection with the ongoing COVID-19 pandemic," we anticipate that the statutory requirement will be speedily dispatched in cases like this one.

*United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) (citations and brackets omitted).

Accordingly, Pitt must first petition the warden to bring a motion on his behalf and may only move this court after he has exhausted his remedies by completing the internal appellate process or allowing 30 days to lapse from the warden's receipt of such request.

## IV. CONCLUSION

For the reasons set forth above, Pitt's motion for compassionate release will be denied without prejudice. An appropriate order shall follow.

*s/Sylvia H. Rambo*
SYLVIA H. RAMBO
Unite d States District Judge

Dated: May 1, 2020